Case 2:19-cr-00327   Document 58   Filed on 06/03/25 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
June 03, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 2:19-327 |
| | § | |
| RAOUL A. LERMA, | § | |
| Defendant. | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court is Defendant Raoul A. Lerma's letter motion for compassionate release or transfer to a halfway house. D.E. 57.

## I. BACKGROUND

Defendant was convicted of possession with intent to distribute 178.4 grams of methamphetamine (actual) and sentenced to 130 months' imprisonment. He has served approximately 74 months of his sentence and has a projected release date, after good time credit, of June 11, 2026. Defendant now moves the Court for compassionate release or transfer to a halfway house in Corpus Christi, Texas, based on his medical circumstances, family circumstances, and post-sentencing rehabilitative efforts. He submitted an administrative request to the Warden of FCI Yazoo City on September 10, 2024, but does not indicate whether he received a response.

## II. LEGAL STANDARD

The First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), allows a prisoner to move for a sentence reduction under certain circumstances; at issue here is colloquially called "compassionate release." *See United States v. Shkambi*, 993 F.3d 388, 390–92 (5th Cir. 2021). A prisoner may move for compassionate release when "extraordinary and compelling reasons" warrant a sentence reduction and "such a reduction is consistent with applicable policy statements

1

issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The applicable policy statement provides that extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof: (1) medical circumstances; (2) age (at least 65); (3) family circumstances; (4) victim of abuse; (5) other reasons similar in gravity to (1)–(4); and (6) unusually long sentence. *See* U.S.S.G. § 1B1.13(b).

Even if "extraordinary and compelling reasons" for early release exist, the Guidelines' policy statements provide for a reduction in sentence only if a defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. §3142(g)." U.S.S.G. § 1B1.13(2). Factors relevant to this inquiry include: (1) the nature and circumstances of the offenses of conviction, including whether the offense is a crime of violence, or involves a minor victim, a controlled substance, or a firearm, explosive, or destructive device; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

Finally, the Court must consider whether a reduction is consistent with the applicable section 3553(a) factors. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(a)(3). The applicable statutory factors include, among others: the defendant's history and characteristics; the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need to deter criminal conduct and protect the public from further crimes of the defendant; the need to provide the defendant with, among other things, any needed medical treatment; and the various kinds of sentences available. 18 U.S.C. §§ 3553(a)(1)–(7).

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release." *United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019).

## III. ANALYSIS

### A. Extraordinary and Compelling Reasons

#### 1. Family Circumstances

Defendant states that his only immediate family members are his mother and his son. His mother recently underwent triple bypass surgery and suffers from congestive heart failure, and son is currently in graduate school and depends on his grandmother for support. Defendant asserts that he is needed at home to assist his mother with the activities of daily living and to provide support for his son.

Under the Guidelines, a defendant's family circumstances may be extraordinary due to "[t]he death or incapacitation of the caregiver of the defendant's minor child." U.S.S.G. § 1B1.13(b)(3)(A). Defendant's son is not a minor; he is 25 years old and a college graduate.

A defendant's family circumstances may also be extraordinary due to "the incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." U.S.S.G. § 1B1.13(b)(3)(C). To evaluate such requests, the Bureau of Prisons (BOP) requires that an inmate provide "adequate information and documentation," including, but not limited to, a statement and verifiable medical documentation regarding incapacitation, a statement and letters of documentation that the inmate is the only family member capable of caring for the parent, and a statement and documentation regarding the inmate's release plan. *See* BOP PROGRAM STATEMENT § 5050.50, *available at* https://www.bop.gov/policy/progstat/5050_050_EN.pdf.

3

Defendant has submitted anatomical drawings labeled "Coronary Diagram" and "Lower Extremities Peripheral Angiogram" that are dated January 5, 2021, and signed by his mother's physician. D.E. 57-2, pp. 14–15. He has also submitted a letter from his mother, Sanjuanita Lerma, wherein she describes her medical issues and expresses a desire to see Defendant before she dies. *Id.* at 16. She also states that she needs her "son home for support." *Id.* at 18. However, there is nothing in the record to indicate that Mrs. Lerma is terminally ill or incapacitated, or that Defendant is her only available caregiver. Defendant has also failed to explain why his adult son is unable to help care for Mrs. Lerma. *See, e.g.*, *United States v. Tyler*, 2021 WL 736467, at *4 (E.D. La. Feb. 25, 2021) ("[C]ourts have held that the 'family circumstances' criterion requires that the compassionate-release petitioner be the 'only available caregiver' for the incapacitated family member."); *United States v. Nevers*, 2020 WL 3077034, at *7 (E.D. La. June 10, 2020) (petitioner's family circumstances did not amount to extraordinary and compelling reasons because there were "no indication[s] that Petitioner [was] the only potential caregiver for her mother")).

While the Court is sympathetic to Defendant's family circumstances, they do not qualify as extraordinary and compelling under U.S.S.G. § 1B1.13(b)(3).

### 2. Medical Circumstances

Defendant next claims that he developed long COVID after being infected with COVID-19 prior to sentencing. He further states that he is epileptic, suffers from sleep apnea, and requires a CPAP machine at night.

Under the Guidelines, a defendant's medical circumstances may be extraordinary where:

(A) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples

4

>   include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (B) The defendant is—
>   (i) suffering from a serious physical or medical condition,
>   (ii) suffering from a serious functional or cognitive impairment, or
>   (iii) experiencing deteriorating physical or mental health because of the aging process,
>
>   that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

U.S.S.G. § 1B1.13(b)(1).

Defendant has submitted a BOP Health Services "Medical Duty Status" form dated November 15, 2024, indicating that he was allowed the use of a cane for a period of time, restricted from heavy lifting, restricted to the bottom bunk, and cleared for food service. D.E. 57-2, p. 13. He has offered no evidence that he is suffering from a terminal illness; that he suffers from a medical condition that substantially diminishes his ability to provide self-care and from which he is not expected to recover; or that his condition requires specialized medical care that is not being provided by BOP. On this record, the Court finds Defendant has failed to demonstrate that his medical circumstances qualify as extraordinary and compelling under U.S.S.G. § 1B1.13(b)(1).

### 3. Post-Sentencing Rehabilitative Efforts

Finally, Defendant urges the Court to consider that he has a clean disciplinary record and has been a model inmate. He has offered evidence that he is employed by UNICOR and successfully completed the Residential Drug Abuse Program and dozens of educational, vocational, and rehabilitative programs while in custody. *See* D.E. 57-2, pp. 23–74. He has not submitted a copy of his Inmate Discipline Data Sheet.

Defendant's rehabilitative efforts are commendable; however, while courts may consider a defendant's rehabilitation in combination with other circumstances, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t); *see also* U.S.S.G. § 1B1.13(d) ("[R]ehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement."). As explained *supra*, Defendant has not shown that any other extraordinary and compelling reason exists that would warrant compassionate release.

### B. Sentencing Guidelines Policy Statements and 18 U.S.C. § 3553(a) Factors

Defendant's scored criminal history included convictions for: burglary of a habitation; forgery; possession with intent to distribute methamphetamine (five convictions), and possession of methamphetamine, resulting in a subtotal criminal history score of 24. He was also assessed status points because he committed the instant offense while on probation or parole in five separate cases. His unscored criminal history included convictions for delivery of cocaine (two convictions); driving with a suspended license (two convictions); driving while intoxicated; possession of methamphetamine; burglary of a building; theft of property; forgery, and possession with intent to distribute methamphetamine.

Based on the nature and circumstances of the offense of conviction and Defendant's extensive criminal history, the Court finds that a sentence reduction would not be consistent with the applicable Sentencing Guidelines' policy statements. *See* 18 U.S.C. § 3142(g); U.S.S.G. § 1B1.13(2). The Court further finds that releasing Defendant early would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense, nor would it deter criminal conduct or protect the public from further crimes. *See* 18 U.S.C. § 3553(a)(2).

## IV.  TRANSFER TO A HALFWAY HOUSE

Finally, Defendant asks the Court to review his eligibility for sentencing credit under the First Step Act and/or Second Chance Act and order his transfer to a halfway house in Corpus Christi, Texas. He further complains that, despite the Court's recommendation that he be placed in a facility near Bastrop, Texas, he's been incarcerated in Mississippi for the duration of his sentence and hasn't seen his mother in several years.

The BOP has exclusive authority to determine where a prisoner is housed. 18 U.S.C. § 3621(B). The BOP is also responsible for calculating sentencing credit. *United States v. Wilson*, 503 U.S. 329, 335 (1992). The proper vehicle to challenge the BOP's administrative decisions is a petition pursuant to 28 U.S.C. § 2241. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (A writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration.") (citations omitted). *See also United States v. Garcia-Gutierrez*, 835 F.2d 585, 586 (5th Cir. 1998) (claims for sentence credit to federal sentences are properly brought pursuant to § 2241); *United States v. Gabor*, 905 F.2d 76, 77–78 n.2 (5th Cir. 1990). A defendant is required to exhaust available administrative remedies through the BOP before litigating in federal court. *United States v. Wilson*, 503 U.S. 329, 335 (1992) (citing 28 C.F.R. §§ 542.10–542.16 and collecting cases).

Moreover, a petition pursuant to 28 U.S.C. § 2241 must be filed in the district where the defendant is incarcerated. *See Pack*, 218 F.3d at 451. Defendant is currently incarcerated in Yazoo City, Mississippi, which is in the Southern District of Mississippi. Assuming Defendant remains incarcerated in Yazoo City, he should file any section 2241 petition in the Southern District of Mississippi after first exhausting his administrative remedies.

## V. CONCLUSION

For the reasons stated above, Defendant's letter motion for compassionate release or transfer to a halfway house (D.E. 57) is **DENIED**.

It is so **ORDERED** this 3rd day of June, 2025.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE